RECEIVED
USDC CLERK, CHARLESTON, SC

2007 APR 16  P 1: 21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred Ronald Shedd, Jr., #33053-19, | C. A. No. 2:06-3138-HFF-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Matthew B. Hamidullah, Warden of FCI-Estill, | |
| Respondent. | |

This habeas corpus petition under 41 U.S.C. § 2241 brought by a federal prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on February 1, 2007. 28 U.S.C. § 636(b).

The petitioner, Alfred Ronald Shedd, Jr., filed this action on November 3, 2006, against the Warden of Federal Correctional Institution (FCI) Estill[1] where he presently incarcerated and alleged that the Bureau of Prisons (BOP) incorrectly calculated his various sentences. Shedd seeks recalculation of his sentences and "compensation."

The repondents filed a motion for summary judgment on February 1, 2007. On February 5, 2007, Shedd was provided a copy

---

[1] The proper respondent in a habeas petition is the custodian of the prisoner. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 498 (1973). Thus, Shedd has named the proper respondent.

1

of the respondents' motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On March 6, 2007, Shedd filed a response in opposition to the defendants' motion. Hence it appears that consideration of the motion is appropriate.

### **FACTS**

Shedd was convicted in the U.S. District Court for the Northern District of Alabama, and on November 17, 1981, he was sentenced to a term of 12 years for bank robbery. See, Exhibit 1. Shedd was paroled on August 21, 1987, with a full term date of September 20, 1993. See, Exhibit 3, Certificate of Parole. However, less than three months after his release on parole Shedd was arrested on October 7, 1987, and charged with armed robbery, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. Exhibit 4, Warrant Request. Shedd's probation officer requested that the Parole Commission issue a warrant. The Parole Commission issued a warrant on November 30, 1987, charging Shedd with armed robbery and unauthorized possession of a firearm. Exhibit 5, Warrant. Shedd was sentenced by the State of Florida on February 24,1988, to a term of 12 years for armed robbery and the Parole Commission supplemented the warrant with Shedd's conviction. Exhibit 6,

Letter from State Attorney for Miami, Florida.

The Parole Commission's warrant was lodged as a detainer and the Parole Commission conducted a review of the detainer. Exhibit 7, Letter to Warden at Cross City Correctional Institution. Shedd elected not to make any statement concerning the detainer. Exhibit 8, Notice of Dispositional Review. On December 14, 1993, the Parole Commission issued a Notice of Action ordering the detainer to stand and scheduled Shedd for a dispositional review on the record in October 1996, or upon his return to federal custody. Exhibit 9, Notice of Action. By letter dated December 14, 1993, the Parole Commission provided Shedd's state prison with the Notice of Action and requested that a copy be provided to Shedd. Exhibit 10, Letter to Warden.

The Parole Commission's warrant was executed on March 31, 1995, and Shedd was transferred to federal custody. Exhibit 11, United States Marshals Return to the United States Parole Commission. By letter dated June 8, 1995, the Commission advised Shedd that it had probable cause to believe that he had violated the conditions of his parole. Exhibit 12, June 8, 1995 letter. Shedd received a parole revocation hearing on September 28, 1995. Exhibit 13, Revocation Summary. Shedd admitted the charges. Following the hearing, the Parole Commission ordered the revocation of Shedd's parole, that none of the time spent on parole be credited, and that he be continued to a presumptive

parole after the service of 100 months on January 28, 1996. Exhibit 14, Notice of Action.  Shedd's release date was set off by 30 days for release planning.  See, Exhibit 15, Notice of Action.  Shedd was reparoled on February 9, 1996, with a full term date of April 26, 2001.  Exhibit 16, Certificate of Re-Parole.

Next, by letter dated August 19, 1996, Shedd's U.S. Probation Officer advised the Parole Commission that Shedd had absconded from supervision and his whereabouts were unknown. Exhibit 17, Request for Warrant.  The Parole Commission issued a warrant on September 4, 1996, charging Shedd with five technical violations of his parole.  Exhibit 18, Warrant.  Shedd was arrested on the warrant on September 12, 1996.  Exhibit 19, Warrant for Return of Prisoner.  A preliminary interview was conducted on September 28, 1996.  Exhibit 20, Summary Report of Preliminary Interview.  Shedd admitted to all the administrative violations.  On October 15, 1996, the Parole Commission offered Shedd an expedited revocation proposal pursuant to 28 C.F.R. § 2.66.  Exhibit 21, Notice to Alleged Parole (or Mandatory Release) Violator Eligibility for Expedited Revocation Procedure. The offer included sentence credit from date of his release to July 30, 1996.  Shedd accepted the offer.  By a Notice of Action dated October 22, 1996, the Parole Commission revoked Shedd's parole, and granted him a parole effective date after the service

of 10 months, June 11, 1997.  Exhibit 22, Notice of Action.

Thereafter, on November 25, 1996, Shedd's U.S. Probation Officer advised the Commission that Shedd had been indicted on October 8, 1996, for bank robbery.  See Exhibit 23, New Law Violation.  According to Shedd's Probation Officer, the robbery had taken place on September 4, 1996, while Shedd had been serving his prior period of parole.  Id.  By a Notice of Action dated May 14, 1997, the Parole Commission reopened Shedd's case for the purposes of conducting a special reconsideration hearing. Exhibit 24, Notice of Action.  In the meantime, Shedd was convicted in the U.S. District Court for the Southern District of Florida and sentenced on July 3, 1997, to a term of 168 months for bank robbery.  Exhibit 25, Judgment and Commitment Order.

The Parole Commission conducted the special reconsideration hearing on October 20, 1997.  See, Exhibit 26, Review Hearing Summary.  Shedd admitted to committing the bank robbery and agreed that he was aware that the sentencing judge had ordered the sentence to be served consecutively to his parole violator term.  He also stated that he was likely to commit more robberies upon release from custody.  Id.  The hearing examiner recommended that none of the time spent on parole be credited and that Shedd be continued to the expiration of his sentence.  Id.  The Parole Commission concurred with the hearing examiner's recommendation and Shedd was advised of the decision by a Notice of Action dated

November 10, 1997. Exhibit 27, Notice of Action.

Upon Shedd's return to BOP custody, his parole violation sentence was computed which reflected Shedd had 1903 days to serve, the sentence was commenced on September 12, 1996, no jail credit was awarded, and he was eligible to earn 625 days of Statutory Good Time. Exhibit 28, Sentence Monitoring Computation Data; and Exhibit 29, Declaration of Rose Havery, ¶ 13.

Shedd was mandatorily released on November 30, 1999, and his 12-year sentence expired on May 31, 2001. Exhibit 30, Certificate of Mandatory Release.

Because the Judgment and Commitment from the United States District Court for the Southern District of Florida filed on July 3, 1997, was silent as to how the new 168 month term should run with the parole violation term, it was computed by the BOP as running consecutive. Exhibit 29, ¶ 15. Thus, the 168 month sentence was commenced on November 30, 1999, with no jail credit awarded. Shedd is eligible to earn 658 days Good Conduct Time, and his projected release date is February 10, 2012. Exhibit 2 Sentence Monitoring Computation Data; and Exhibit 29, ¶ 15.

## DISCUSSION

A review of the record and relevant case law reveals the respondent's motion should be granted.

Shedd asserted three grounds for relief in his petition

6

which will be discussed in seriatim:

1. False imprisonment-I served 210 months, 14 days on a 12 year sentence.

A review of the record and relevant case law reveals that Shedd is not entitled to relief on this ground; His calculations are incorrect.

There are two federal sentences at issue, and the computation of these sentences are governed by separate statutory provisions. The first sentence, imposed on November 17, 1981, was computed by the BOP in accordance with the statutory provisions in effect for sentences for which the offense occurred prior to November 1, 1987. The second sentence, imposed on July 3, 1997, was computed by the BOP in accordance with the statutory provisions in effect for sentences imposed for offenses that occurred on or after November 1, 1987.

Shedd was first released in August 1987 and was to remain under supervision until September 20, 1993. Shedd had served 71 months, and had 73 months remaining on the term at that time. Shedd quickly committed a new criminal offense and was convicted and sentenced to a term of imprisonment by the State of Florida. Since he was convicted of a crime while on parole punishable by a term of imprisonment, he forfeited the time spent on parole following his release in August 1987, until his return to federal custody. 18 U.S.C. § 4210(b)(2); 28 C.F.R. § 2.52(c)(2); See

also, D'Amato v. United States Parole Comm'n, 837 F.2d 72, 78 (2nd Cir. 1988); Miller v. Hadden, 811 F.2d 743, 747 (2nd Cir. 1987); DeCuir v. United States Parole Comm'n, 800 F.2d 1021, 1023 (10th Cir. 1986) (the Commission must order forfeiture of street time whenever a parolee is convicted of a new offense punishable by a term of imprisonment); United States v. Newton, 698 F.2d 770, 772 (5th Cir. 1983).

The Parole Commission can require a parole violator to forfeit all the time spent on federal parole from the time of his release from federal custody including the time spent in state custody. Weeks v. Quinlan, 838 F.2d 41, 44-46 (2nd Cir. 1988); Garafola v. Wilkinson, 721 F.2d 420 (3rd Cir. 1983), cert. denied, 466 U.S. 905 (1984); Deveny v. United States Board of Parole, 565 F.2d 875 (5th Cir. 1978); United States ex rel. Stanbridge v. Quinlan, 595 F. Supp. 1145 (S.D. N.Y. 1984).

Therefore, it was proper for Shedd not to receive sentence credit for the time spent on parole and for the time spent in state and local custody while on parole towards the satisfaction of the time remaining on his original federal sentence.

Next, Shedd was returned to federal custody which began the running of the remaining 73 months. He was reparoled in February 1996, with a full term date of April 2001 or approximately 60 months, and 17 days remaining on his term. Shedd again engaged in new criminal behavior while on parole and his parole was

revoked again which caused him to forfeit all time spent on parole. When Shedd was returned to federal custody on September 12, 1996, the remaining 60 months began to run. The term was completed in 2001 when Shedd was mandatorily released. Thus, Shedd has not served more time than required on his original 12-year term and no habeas relief should issue.

2. The Bureau of Prisons ran the Violation Time consecutive to the Instant Offense.

Shedd contends that the parole violator term, i.e, the time remaining on his original 12 year term, should have run concurrently with his 1997 sentence. Shedd is incorrect.

The Parole Commission has the authority to determine whether or not the sentence imposed for a crime committed while on parole will be served consecutively or concurrently with the parole violator term. See, Gaddy v. Michael, 519 F.2d 669, 678 (4th Cir. 1975)("The authorities...are uniform on the point that the right to a concurrancy of sentence is a matter exclusively in the provence of the [Parole] Board...").

Here, the Parole Commission conducted a special reconsideration hearing to determine how much time Shedd should serve on the parole violator term. The Parole Commission had the option of setting an earlier release date that would have resulted in Shedd's beginning service on his 168 month sentence sooner. However, the Parole Commission determined that Shedd

represented a serious parole risk given his history of repeatedly committing violent crime while on parole. The Parole Commission determined that an earlier release would result in an unwarranted risk to the welfare of the community and Shedd himself admitted that once released he would most likely commit more robberies. Thus, the Parole Commission was entitled to order that Shedd be continued to the expiration of his sentence on his 12 year term. No habeas relief should issue.

3. Violation of Due Process

Shedd claims that he was not provided notice of the detainer that was lodged against him in 1991 and was not provided with a copy of the 1993 Notice of Action, while he was serving his state sentence in Florida, and as a result, his right to due process of law was violated. The record establishes otherwise.

In September 1993, the Commission contacted Shedd's state institution and advised the institution that a review of the detainer would be conducted. The Parole Commission asked that Shedd be provided with notice of the review and advise that he had the opportunity to submit any comments to the Parole Commission. Shedd was also advised that he could request appointment of counsel to assist him with the process. The record contains Shedd's response, signed by Shedd on October 12, 1993, in which he declined the services of an attorney and elected to make no statement to the Commission. Subsequently, on

10

December 14, 1993, the Parole Commission ordered that the detainer should stand and on that same date, the Parole Commission wrote to Shedd's state Warden requesting that a copy of the Notice of Acton be provided to him.

On this record it appears that Shedd was provided an opportunity to be heard and elected to make no statement. Further, even if Shedd had not been advised of the detainer, this would not have entitled him to any relief. See, Kenner v. Martin, 648 F.2d 1080 (6th Cir. 1981)(no rights were violated notwithstanding that prisoner was not informed about parole violator detainer). Shedd is not entitled to habeas relief.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that habeas corpus relief be denied and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
April 16, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>P.O. Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

12